O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JOSEFINA S. ALLAIN, | ) | Case No. CV 09-00810-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Josefina S. Allain seeks judicial review of the Commissioner's denial of her application for Social Security Disability Insurance ("SSDI") benefits under the Social Security Act. For the reasons stated below, the decision of the Social Security Commissioner is affirmed.

I.  **Factual and Procedural History**

Plaintiff was born on December 29, 1948. She has a college education and has worked as a payroll supervisor, accountant, and director of human resources. (Administrative Record ("AR") at 104-06.)

Plaintiff filed her application for disability benefits on May 28, 2006, alleging disability as of May 5, 2005 due to depression, anxiety, dysthymic disorder, high blood pressure, and high cholesterol. (AR at 98-99, 118.) Her application was denied initially on August 1, 2006, and upon reconsideration on May 18, 2007. (AR at 61, 68.) An administrative hearing was held on May 7, 2008 before Administrative Law Judge ("ALJ") Dale A. Garwal. (AR at 31-58.) Plaintiff was represented by counsel and testified on her own behalf. (AR at 34-52.) Vocational expert ("VE") Ronald K. Hatakeyama also testified at the hearing. (AR at 53-57.)

ALJ Garwal issued an unfavorable decision on May 29, 2008. (AR at 8-21.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 5, 2005. Plaintiff's severe impairments were found to include dysthymic disorder and personality disorder, but these impairments, alone or in combination, did not meet the requirements of a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 13-16.) The ALJ concluded that Plaintiff could not return to her past relevant work, but that she retained the residual functional capacity ("RFC") to perform simple, routine tasks in work environments not requiring more than minimal contact with the public. (AR at 16-19.) Finally, the ALJ determined that Plaintiff was not disabled because there were a significant number of jobs in the national and local economy that Plaintiff could perform based on testimony of the vocational expert and use of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"), as a framework for decision. (AR at 19-20.)

The Appeals Council denied review on December 4, 2008, (AR at

1-3), and Plaintiff commenced this action on February 6, 2009. Plaintiff contends that the ALJ erred by failing to propound a complete hypothetical to the VE. (Joint Stip. at 7.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//
//
//
//

### III. The ALJ Posed a Complete Hypothetical Question to the VE

Plaintiff contends that the ALJ failed to pose a complete hypothetical to the VE. (Joint Stip. at 7.) In particular, Plaintiff argues that the ALJ's description to the VE that she was "limited to simple, routine tasks with minimal social contact" failed to account for his finding that her severe impairments resulted in moderate deficiencies in concentration, persistence, and pace. (Joint Stip. at 5-6.)

Plaintiff claims that the ALJ's determination that Plaintiff has moderate difficulties in both social functioning and maintaining concentration, persistence, or pace were part of the ALJ's findings at the residual functional capacity assessment stage. Plaintiff goes on to argue that, as such, her moderate difficulties had to be propounded to the VE in those exact terms. (AR at 5-6.) In other words, Plaintiff argues that the VE should have been asked to assume a person that had those two moderate deficiencies *and* was limited to "simple, routine tasks and no work requiring more than minimal contact with the public." (*See* Joint Stip. at 5.)

Plaintiff's argument is unpersuasive because it conflates the ALJ's findings at steps two through five of the sequential analysis.[1] The ALJ's determination that Plaintiff suffers from moderate difficulties in social functioning and concentration,

---

[1] The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4).

persistence, or pace was part of the ALJ's analysis of the severity of Plaintiff's impairment at step two, and whether or not Plaintiff's severe impairments were presumptively disabling at step three. *See* SSR 96-8p, 1996 WL 374184, *4 (S.S.A. 1996). The ALJ was then required to translate these broadly phrased limitations into vocational limitations affecting Plaintiff's specific residual functional capacity at step five. *See e.g., Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("The ALJ translated [plaintiff's] condition, including pace and mental limitations, into...'simple tasks'.").

In other words, at steps two and three, the ALJ determined Plaintiff has the aforementioned moderate limitations. (AR at 13-16.) At step five, the ALJ translated those limitations into the hypothetical propounded to the vocational expert: Plaintiff's moderate difficulty in social functioning was translated into a limitation to a work environment "not requiring more than minimal contact with the public." (AR at 16.) Plaintiff's moderate difficulty in concentration, persistence or pace was translated into a limitation to work involving "simple, routine tasks." (*Id.*) At its core, Plaintiff's argument is that "simple, routine tasks" is not an accurate translation of her moderate difficulties with concentration, persistence, and pace.[2] Plaintiff argues that this inadequate translation resulted in a legally erroneous hypothetical.

A hypothetical posed to a VE must contain all of the

---

[2] Plaintiff does not contend that her difficulties in social functioning were inadequately described to the VE.

limitations of a particular claimant. 20 C.F.R. § 404.1545; *Bray v. Comm'r of Soc. Serv.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Delorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). If the hypothetical fails to reflect all of the claimant's limitations, the VE's testimony cannot support a finding that the claimant could perform jobs in the national economy. *Id*. However, the ALJ need only include in the hypothetical those limitations that the ALJ finds credible and that are supported by substantial evidence in the record. *Osenbrook v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

In the Ninth Circuit, "An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174-75 (affirming ALJ's hypothetical describing claimant as capable of performing simple tasks despite her slow pace); *accord*, *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("Based on this record, the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [plaintiff]'s deficiencies in concentration, persistence, or pace."). Thus, if the ALJ's hypothetical describing Plaintiff as capable of performing "simple, routine tasks" is consistent with the medical evidence in the record, the ALJ's hypothetical adequately captured Plaintiff's moderate difficulties in concentration, consistency, and pace.

In Plaintiff's case, the medical evidence is consistent with the ALJ's hypothetical describing her as capable of performing simple, routine tasks. Dr. Mallare, a state agency reviewing physician considered Plaintiff's moderate deficiencies in

6

concentration, persistence, or pace and concluded that Plaintiff "has adequate memory, understanding, and concentration to perform simple repetitive tasks with minimal social contact." (AR at 176.) Because this evidence is consistent with the medical evidence as a whole, it provides substantial evidence supporting the ALJ's RFC assessment. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Similarly, in both *Stubbs-Danielson* and *Howard*, the residual functional capacity assessment of non-examining state agency physicians was a key factor in concluding that the ALJ adequately translated the claimants' moderate difficulties into a legally sound hypothetical.

The state agency examining physician determined that Plaintiff could "understand, remember, and carry out short, simplistic instructions without difficulty," despite "mildly diminished" attention and concentration. (AR at 163-65.) Further, Plaintiff's physician at the Inglewood Medical Clinic described her concentration and task completion as "not greatly affected." (AR at 198.) For these reasons, Plaintiff's medical records indicate that the ALJ's hypothetical adequately captured Plaintiff's moderate deficiencies in concentration, persistence, or pace. *See Stubbs-Danielson*, 539 F.3d at 1174; *Sabin v. Astrue*, 2009 WL 2013526, at *2 (9th Cir. June 12, 2009). Therefore, the ALJ properly relied upon the VE's opinion, and the conclusion that Plaintiff is not disabled is supported by substantial evidence in the record.

//
//
//
//

**IV.  Conclusion**

For the reasons stated above, the decision of the Commissioner is affirmed.

Dated: October 27, 2009

_____
Marc L. Goldman
United States Magistrate Judge